Case 1:00-cr-10127-PBS   Document 9   Filed 07/28/00   Page 1 of 15
AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.
**Richard A. Berger**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: **1:00CR10127-001**

**Rosemary C. Scapicchio, Esq.**
Defendant's Attorney

**THE DEFENDANT:**

[X] pleaded guilty to count(s)  **1 - 5**

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113 (a) & (d) | Armed Bank Robbery | 08/17/1998 | 1 |
| 18 U.S.C. § 2113 (a) & (d) | Armed Bank Robbery | 09/10/1998 | 2 |
| 18 U.S.C. § 2113 (a) & (d) | Armed Bank Robbery | 09/30/1998 | 3 |

See Additional Counts of Conviction - Page  **2**

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **02/15/1964**
Defendant's USM No.: **23086-038**
Defendant's Residence Address:
**246 Garfield Avenue**

**Hyde Park**          MA    **02136**

Defendant's Mailing Address:
**MCI - Cedar - Junctions**
**P.O. Box 100**
**South Walpole**      MA    **02071**

07/26/2000
Date of Imposition of Judgment

/s/ Patti Saris
Signature of Judicial Officer

**Patti B. Saris**
**United States District Judge**
Name & Title of Judicial Officer

7/28/00
Date

**DOCKETED**

9

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

Judgment-Page 2 of 8

DEFENDANT: Richard A. Berger

CASE NUMBER: 1:00CR10127-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113 (a) & (d) | Armed Bank Robbery | 11/20/1998 | 4 |
| 18 U.S.C. § 2113 (a) & (d) | Armed Bank Robbery | 12/12/1998 | 5 |

DEFENDANT: **Richard A. Berger**
CASE NUMBER: **1:00CR10127-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __235 month(s)__.

**This sentence will run concurrently with the state sentence beginning with the date of judgment. However, defendant will not get credit for any time served in state prison prior to the entry of judgment.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**A judicial recommendation of commitment to a FCI with a five hundred (500) hour drug treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: Richard A. Berger
CASE NUMBER: 1:00CR10127-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __60__ month(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Page 5

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      Richard A. Berger
CASE NUMBER:    1:00CR10127-001

## SPECIAL CONDITIONS OF SUPERVISION

1.) The defendant is to participate in drug treatment and testing as directed by the United States Probation Office.

2.) The defendant shall pay restitution in accordance with a Court ordered repayment schedule.

DEFENDANT: Richard A. Berger
CASE NUMBER: 1:00CR10127-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 500.00 | $ | $ 130,928.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Fleet Bank | $35,277.00 | $35,277.00 | |
| Needham Cooperative Bank | $25,651.00 | $25,651.00 | |
| Institution for Savings Bank | $40,000.00 | $40,000.00 | |
| Hyde Park Cooperative Bank | $30,000.00 | $30,000.00 | |
| Totals: | $ 130,928.00 | $ 130,928.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties  Case 1:00-cr-10127-PBS   Document 9   Filed 07/28/00   Page 7 of 15

Judgment-Page __7__ of __8__

DEFENDANT: Richard A. Berger
CASE NUMBER: 1:00CR10127-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**1.) The imposition of the $500.00 special assessment shall be delayed for one year.**

**2.) The $130,928.00 restitution shall be paid over the period of supervised release in accordance with a Court ordered repayment schedule.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: Richard A. Berger
CASE NUMBER: 1:00CR10127-001

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 31

Criminal History Category: VI

Imprisonment Range: 188 to 235 months imprisonment.

Supervised Release Range: 36 to 60 months supervised release.

Fine Range: $ __15,000.00__ to $ __150,000.00__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __130,928.00__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

        v.                CRIMINAL NO. 00-10127-PBS

RICHARD A. BERGER
    Defendant

### MEMORANDUM OF SENTENCING HEARING
### AND
### REPORT OF STATEMENT OF REASONS

Saris, D.J.

    Counsel and the defendant were present for sentencing hearing on __7/26/00__. The matters set forth were reviewed and considered. The reasons for sentence pursuant to Title 18 U.S.C. 3553(c), as set forth herein, were stated in open court.

1.    Was the presentence investigation report (PSI) reviewed by counsel and defendant including any additional materials received concerning sentencing?

        __X__ yes     ____ no

2.(a)  Was information withheld pursuant to FRCrP 32(c)(3)(A)?

        ____ yes     __X__ no

  (b)  If yes to (a), has summary been provided by the court pursuant to FRCrP 32(c)(3)(B)?

        ____ yes     ____ no     N/A

3.(a)  Were all factual statements contained in the PSI adopted without objection?

        __X__ yes     ____ no

  (b)  If no to (a) the PSI was adopted in part with the exception of the following factual issues in dispute:

    (c)       Disputed issues have been resolved as follows after ___ evidentiary hearing, ___ further submissions and/or ___ arguments:

4. (a)       Are any legal issues in dispute?

               _____ yes   __X__ no

        If yes, describe disputed issues and their resolution:

5. (a)       Is there any dispute as to guideline applications (such as offense level, criminal history category, fine or restitution) as stated in the PSI?

               _____ yes   __X__ no

        If yes, describe disputed areas and their resolution:

    (b)       Tentative findings as to applicable guidelines are:

        Total Offense Level: _____31_____

        Criminal History Category: _____VI_____

        __188__ to __235__ months imprisonment

        __36__ to __60__ months supervised release

        $__15,000__ to $__150,000__ fine

             (plus $_____ cost of imprisonment/supervision)

        $__SEE ATTACHMENT__ restitution

        $__500.00__ special assessment ($_____ on each of counts _____)

6. (a)   Are there any legal objections to tentative findings?

   _____ yes    __X__ no

   (b)   If no, findings are adopted by the Court.

   (c)   If yes, describe objections and how they were addressed:

OR sentence hearing is continued to _____ to allow for preparation of oral argument or filing of written submission by _____.

7. (a)   Remarks by counsel for defendant.[1]

   __X__ yes    _____ no

   (b)   Defendant speaks on own behalf.

   _____ yes    __X__ no

   (c)   Remarks by counsel for government.

   __X__ yes    _____ no

8. (a)   The sentence will be imposed in accordance with the prescribed forms in the Bench Book Sec. 5.02 as follows:

   ____235____ months imprisonment WITH A JUDICIAL RECOMMENDATION OF COMMITMENT TO A FCI WITH 500 HOUR DRUG TREATMENT PROGRAM

   _____ months/intermittent community confinement

   _____ months probation

   ____60____ months supervised release

   $ __NONE__ fine (including cost of imprisonment/supervision)

   $ _SEE ATTACHED_ restitution

   $ __500 **__ special assessment ($_____ on each of counts _____)

   **DELAY IMPOSITION OF ASSESSMENT FOR 1 YEAR.
   *THIS SENTENCE WILL RUN CONCURRENTLY WITH THE STATE SENTENCE BEGINNING WITH THE DATE OF JUDGMENT. HOWEVER, DEFENDANT WILL NOT GET CREDIT FOR ANY TIME SERVED IN STATE PRISON PRIOR TO THE ENTRY OF JUDGMENT.

---

[1] The order of argument and/or recommendation and allocution may be altered to accord with the Court's practice.

3

Other provisions of sentence: (community service, forfeiture, etc.):

- DRUG TREATMENT AND TESTING
- DEFENDANT SHALL PAY RESTITUTION

(b) After imposing sentence, the Court has advised the defendant of the defendant's right to appeal within 10 days of the entry of judgment in accordance with FRCrP 32(a)(2).

9. Statement of reasons for imposing sentence.
   Check appropriate space.

(a) _X_ Sentence is within the guideline range and that range does not exceed 24 months and the Court finds no reason to depart from the sentence called for by application of the guidelines.

OR     ___ Sentence is within the guideline range and that range exceeds 24 months and the reason for imposing the selected sentence are:

(b) ___Sentence departs from the guideline range as a result of:

   ___ substantial cooperation upon motion of the government

OR

   ___ a finding that the following (aggravating or mitigating) circumstance exists that is of a kind or degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that this circumstance should result in a sentence different from that described by the guidelines for the following reasons:

(c) _X_ Is restitution applicable in this case?

   _X_ yes   ___ no

Is full restitution imposed?

   _X_ yes   ___ no

4

If no, less than full restitution is imposed for the following reasons:

(d) ___ Is a fine applicable in this case?

      __X__ yes    _____ no

Is the fine within the guidelines imposed?

      _____ yes    __X__ no

If no, the fine is not within guidelines or no fine is imposed for the following reasons:

___ Defendant is not able, and even with the use of a reasonable installment schedule is not likely to become able, to pay all or part of the required fine; OR

___ Imposition of a fine would unduly burden the defendant's dependents; OR

_X_ Other reasons as follows:

RESTITUTION OBLIGATIONS ARE HIGH.

10. Was a plea agreement submitted in this case?

      __X__ yes    _____ no

Check appropriate space:

___ The Court has accepted a Rule 11(e)(1)(A) charge agreement because it is satisfied that the agreement adequately reflects seriousness of the actual offense behavior and accepting the plea agreement will not undermine the statutory purposes of sentencing.

_X_ The Court has accepted either a Rule 11(e)(1)(B) sentence recommendation or a Rule 11(e)(1)(C) sentence agreement that is within the applicable guideline range.

___ The Court has accepted either a Rule 11(e)(1)(B) sentence recommendation or a Rule 11(e)(1)(C) sentence agreement that departs from the applicable guideline range because the Court is satisfied that such a departure is authorized by 18 U.S.C. 3553(b).

11. Suggestions for guideline revisions resulting from this case are submitted by an attachment to this report.

　　　　　\_\_\_\_\_ yes   **X** no

12. The PSI is adopted as part of the record, either in whole or in part as discussed above and is to be maintained by the U.S. Probation Department under seal unless required for appeal.

13. Judgment will be prepared by the clerk in accordance with above.

14. The clerk will provide this Memorandum of Sentencing Hearing And Report on Statement of Reasons to the U.S. Probation Department for forwarding to the Sentencing Commission, and if the above sentence includes a term of imprisonment, to the Bureau of Prisons.

7/27/00
Date

United States District Judge

6

## ATTACHMENT A

## RESTITUTION

| | |
|---|---|
| Fleet Bank | $35,277 |
| Needham Cooperative Bank | $25,651 |
| Institution for Savings Bank | $40,000 |
| Hyde Park Cooperative Bank | $30,000 |

7